### No. 8907.

### THE STATE OF LOUISIANA EX REL. N. J. PERCHÉ, ARCHBISHOP, ET AL. vs. F. B. EARHART, JUDGE AD HOC.

A mandamus does not lie to compel an attorney appointed Judge *ad hoc* to try a cause in which the District Judge has recused himself, when the question of the validity of the recusation, which involves that of the legality of the appointment of the Judge *ad hoc*, is pending, on a suspensive appeal, before the appellate court.

APPLICATION for a Mandamus.

*P. E. Théard & Sons, J. H. Ilsley* and *Bérault & Legendre* for the Relators.

*E. N. Pugh* and *R. N. Sims* for the Respondent.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a mandamus, to compel a Judge *ad hoc* to take cognizance of and pass upon a case which he was appointed to determine, but which he has refused to consider, on the ground that his appointment is a nullity.

It appears that a suit having been brought before the Twenty-second Judicial District Court for the Parish of Ascension against N. J. Perché, Archbishop, et al., the Judge of that court recused himself.

Subsequently, on the suggestion of an *amicus curiæ*, the Judge rescinded the order of recusation.   Thereupon, the plaintiffs in the suit applied to the same Judge and obtained from him a suspensive appeal from the rescinding order and gave the required bond.

Subsequently, the defendants in the case, noticing that the District Judge had failed to appoint a Judge *ad hoc* to act in his place, applied, contradictorily with parties having an adverse interest, for the appointment of one.   After hearing, the District Judge appointed F. B. Earhart, an attorney-at-law possessing the legal requirements, who accepted the trust and qualified accordingly.

The case appearing before him for trial, the plaintiffs therein objected to his action over the same, on the ground of the nullity of his appointment.   The Judge *ad hoc* sustained the objection and refused to proceed with the trial of the cause which he had been appointed to decide.

Hence, the application, now before this Court, to set him in motion.

The defendant substantially urges in opposition :

1.   That the application is made here by F. X. Leray, bishop, etc., who is not a party to the proceedings in the lower court.

2.   That the decree made by the Judge *ad hoc*, being a judgment which can be appealed from, a mandamus does not lie in the premises.

3.   That the judgment was correctly rendered, and that this Court cannot direct the trial and determination of a cause by one on whom no judicial power has been vested to that end.

## I.

The petition is made on the relation : 1st, of F. X. Leray, bishop, co-adjutor and administrator of the temporal affairs of the diocese of New Orleans, *vice* the Right Reverend N. J. Perché, who has ceased to be such ; and 2d, of F. X. Cuppens, curate, etc.

The fact that Bishop Leray has succeeded Archbishop Perché, as stated, is sworn to and is not denied. It must then be taken for true. If Bishop Leray be such successor, his right to stand in place of Archbishop Perché, in the litigation, cannot be disputed.

Even were it otherwise, the other relator, Reverend Cuppens, was and still is a party to the suit in the lower court. The application could have been made in his name alone.

## II.

The view which we have taken of this matter renders it unnecessary to determine whether the refusal of the attorney appointed to try the case is a judgment which, to be reviewed, should be appealed from. .

## III.

The suspensive appeal taken from the order revoking the Judge's recusation maintains things in the *statu quo*. Of necessity it debars an inquiry into and determination of the question, which it involves, of the legality of the Judge's recusation and of the validity of the appointment of the attorney to act as Judge *ad hoc*.

In view of the consequences which would attend the granting of the mandamus, should the recusation be hereafter declared to have been improperly entered, it is eminently proper that it be not allowed.

The application is dismissed.

Rehearing refused.